UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TERESA BEATTY, NATASHA TOSADO, and DOUGLAS JOHNSON,** individually and on behalf of all others similarly situated**,** | Civil Action No. 22-cv-380-JAM |
| *Plaintiffs*, | |
| v. | |
| **MICHELLE GILMAN,** Commissioner of the Connecticut Department of Administrative Services**, AND ANGEL QUIROS,** Commissioner of the Connecticut Department of Corrections**,** in their official capacities**.** | July 14, 2023 |
| *Defendants.* | |

**REPORT OF PARTIES' PLANNING MEETING**

**Date 2nd Amended Complaint Filed**:   April 20, 2023

**Date of Defendants' Appearances**:   May 4, 2023

Pursuant to Rule 26(f), Local Rule 26(f) and the Court's chambers practices, a remote Zoom conference was held on July 12, 2023.  The participants were:

**For the Plaintiffs**:        Erica O. Nolan
                               (Hurwitz Sagarin Slossberg & Knuff)

                               Elana Bildner and Sapana Anand
                               (American Civil Liberties Union)

**For the Defendants:**        Assistant Attorney General Robert Deichert
                               (Office of the Attorney General)

                               Assistant Attorney General Krislyn Launer
                               (Office of the Attorney General)

                               Assistant Attorney General Benjamin Abrams
                               (Office of the Attorney General)

**I.       CERTIFICATION**

Undersigned counsel (after consultation with their clients) certify that they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and that they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.      JURISDICTION**

   **A.     Subject Matter Jurisdiction**

   1.      **Plaintiffs' Position**: This is a civil rights action in which the Plaintiffs, on behalf of themselves and the putative class, seek relief for the violation of their rights secured by the Excessive Fines Clause of the U.S. Constitution.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

   2.      **Defendants' Position**: Plaintiffs have failed to meet—and cannot meet—their burden to establish subject matter jurisdiction for the reasons set forth in detail in Defendants' pending Motion to Dismiss and supporting materials filed on June 12, 2023 (ECF No. 59) and Defendants' Reply to be filed July 14, 2023.

   **B.     Personal Jurisdiction**

   Plaintiffs assert that the Court has personal jurisdiction over Defendants pursuant to Conn. Gen. Stat. § 52-64.  Defendants do not contest personal jurisdiction in this matter.

**III.     BRIEF DESCRIPTION OF THE CASE**

   **A.     Claims of Plaintiffs**

   Plaintiffs, on behalf of themselves and all others owing prison debt to Connecticut by virtue of having been incarcerated by the State on or after October 1, 1997, claim that Connecticut's prison debt law, codified at Conn. Gen. Stat. §§ 18-85a through -85c, is unconstitutional in that it

violates the Excessive Fines Clause of the U.S. Constitution. The prison debt law automatically imposes the debt of $249 a day, or $90,885 a year, for a person's incarceration. The State, overseen by Defendants Quiros and Gilman, may collect any person's prison debt by: (1) taking any property the person owns during their incarceration, (2) taking the lesser of either the full debt amount or 50% of any judgment or settlement obtained by a person in a lawsuit; (3) taking the lesser of either the full debt amount or 50% of the person's inheritance; (4) seizing the entire debt from the person's estate upon their death; or (5) taking the person's lottery winnings. Defendant Quiros oversees the Department of Correction as its Commissioner, which calculates the amount owed by those it has imprisoned, and notifies Defendant Gilman, as the Commissioner of the Department of Administrative Services, whenever an incarcerated person has money added to their trust account. Defendant Gilman typically issues lien notices to debtors in the Connecticut Superior and Probate Courts in an attempt to collect the amounts Defendant Quiros claims they are owed. Plaintiffs seek a declaration that the Connecticut prison debt law is unconstitutional and that their prison debts are null and void, as well as a permanent injunction against Defendants.

**B.     Defenses and Claims of Defendants**

This Court lacks subject matter jurisdiction on standing, constitutional ripeness, and Eleventh Amendment grounds. Even if this Court had jurisdiction, this Court should dismiss this action on prudential ripeness grounds to the extent there is uncertainty as to whether Plaintiffs will be injured by the challenged laws, when any such injury will arrive (if it ever does), and the extent of the financial impact at issue. Moreover, to the extent (if any) this Court has jurisdiction, this Court should dismiss this action to prevent the erosion of the Constitution's limitations on federal jurisdiction. In addition, Plaintiffs' operative Second Amended Complaint fails to state a claim upon which relief may be granted and the challenged laws are fully consistent with the Excessive Fines Clause and the United States Constitution. The bases for Defendants' positions are set forth

in detail in their pending Motion to Dismiss and supporting materials filed on June 12, 2023 (ECF No. 59) as well as Defendants' Reply to be filed on July 14, 2023. Defendants do not believe class certification is appropriate and plan to oppose certification in the event Plaintiffs move for certification.

## IV.     STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties are unable to stipulate to any facts at this time.

## V.     CASE MANAGEMENT PLAN

The parties request modification of the deadlines in the Order on Pretrial Deadlines as follows:

### A.     Initial Disclosures

Initial disclosures pursuant to Fed. R. Civ. P. 26(a) will be served by July 24, 2023.

### B.     Scheduling Conference

1.    The parties do not request a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.    The parties prefer that a scheduling conference, if held, be conducted by telephone or videoconference.

### C.     Early Settlement Conference

1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. The parties prefer to wait until the Court decides the Defendants' Motion to Dismiss prior to discussing settlement.

2.    The parties do not request an early settlement conference at this time.

    3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Motions Addressed to the Pleadings

    1.      The Second Amended Complaint was filed on April 20, 2023 (ECF No. 49).

    2.      Pursuant to the Court's May 5, 2023 Order (ECF No. 54), Defendants filed their Motion to Dismiss the Second Amended Complaint on June 12, 2023 (ECF No. 59), along with a Motion to Stay Discovery pending resolution of the Motion to Dismiss (ECF No. 60).

    3.      Plaintiffs filed their Opposition to the Motion to Stay Discovery on June 21, 2023 (ECF No. 62), and their Opposition to the Motion to Dismiss on June 30, 2023 (ECF No. 65).

    4.      Following a Status Conference with the Court on June 23, 2023, the Court denied Defendants' Motion to Stay Discovery and ordered the parties to meet and confer and submit the instant proposed scheduling order (ECF No. 63).

    5.      Defendants intend to file their Reply to Plaintiffs' Opposition to the Motion to Dismiss by July 14, 2023.

### E. Discovery

    1.      Setting aside the timing of discovery, discussed further in Section V.F, the parties anticipate that discovery will potentially be needed on several subjects and issues fairly arising out of Plaintiffs' Second Amended Complaint and Defendants' defenses, including but not limited to the following.

    a.    Plaintiffs anticipate needing discovery on the following topics:

        i.      The State's methods of calculating the costs of incarceration;

        ii.     How many individuals the State has sought to collect the carceral debt from;

        iii.    How the State determines from whom it will attempt to collect the carceral debt;

      iv.     The methods and rate of collection of the carceral debt;

      v.     The public employees involved in the carceral debt scheme; and

      vi.     Where the carceral debt funds go.

  b.  Defendants anticipate needing discovery as to the named Plaintiffs and their claims. In the event that Plaintiffs move for class certification, discovery relating to that will also likely be necessary.

The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

    2.    **<u>Depositions</u>**: The parties anticipate that Plaintiffs will require approximately 3-5 depositions of fact witnesses (inclusive of 30(b)(6) depositions) and that Defendants will require approximately 3 depositions of fact witnesses.

    3.    **<u>Interrogatories</u>**: The parties do not anticipate requesting permission to serve more than 25 interrogatories upon each party, but they reserve the right to seek leave to do so.

    4.    **<u>Expert Witnesses</u>**: The parties do not currently intend to call expert witnesses at trial, but reserve the right to do so.

    5.    **<u>ESI Procedures</u>**: Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of

such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to use reasonable efforts to implement the following procedures for the preservation, disclosure and management of electronically stored information:

- Counsel for all parties will instruct their clients to preserve electronically stored information on existing servers in their respective possession, custody and control related to the discovery issues listed above.
- All paper documents and ESI will be produced with Bates numbers.
- All attachments will be produced in sequence with the parent document.
- Spreadsheets, databases, drawings, audio or video recordings, and other documents that do not reasonably fit on 8.5 x 11-inch pages will be produced in native format, with a Bates-numbered placeholder document.
- The parties will endeavor to produce other ESI in multi-page TIFF format, with optical character recognition ("OCR") or work searchable multi-page PDF format.

a. Undersigned counsel (after consultation with their respective clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.

b. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to use their reasonable effort to affect the following procedures for asserting claims of privilege after production:

      i. Subject to the limitations imposed by (ii) immediately below, the parties will comply with the requirements of Rule 26(b)(5) and Local Rule 26(e).

      ii. The parties hereby stipulate that the privilege logs referenced in the above-referenced rules do not apply to, and need not include, claims of privilege or work product protection covering: (i) communication solely between a party and its inside or outside counsel occurring on or after the date this action was commenced; and (ii) work product of inside or outside counsel created on or after the date this action was commenced.

      iii. For purposes of subsection (ii) immediately above, "outside counsel" shall include, but not be limited to, counsel who have appeared in this litigation, as well as other attorneys, paralegals, and/or employees of their respective law firms or government entities.

**F.**   **Case Schedule**

    1. The parties propose that discovery will proceed in two phases:

      a. The first phase of discovery may commence immediately upon the entry of a scheduling order, and will be limited to topics relevant to all putative plaintiffs (as opposed to class-wide discovery discussed below). Plaintiffs propose that the first phase will require approximately 3-5 Rule 30(b)(6) depositions of relevant public employees. Defendants propose that the first phase will require approximately 3-5 depositions of Plaintiffs and other individuals. The parties propose that the first phase of discovery conclude on February 1, 2024.

      b. Plaintiffs will file their motion for class certification no later than March 4, 2024, and will produce any expert reports concerning class certification at that

      time. Defendants will file their opposition to class certification no later than April 18, 2024. Defendants will produce any expert reports concerning class certification at that time. Plaintiffs will file any reply brief in support of class certification no later than May 20, 2024.

   c. Following the Court's determination of the motion for class certification, the parties will meet within fourteen (14) days to discuss a schedule for the second phase of discovery, i.e., any additional class-wide discovery that is necessary, and a schedule for dispositive motions, to the extent such dispositive motions and pretrial deadlines are needed after the Court's ruling on class certification. The parties will jointly file a proposed schedule with the Court within fourteen (14) days after their meeting. The parties will request that the Court schedule a status conference to address the proposed schedule and any remaining deadlines to the completion of this action.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and efficient litigation of this action.

| | |
|---|---|
| **THE PLAINTIFFS,**<br>**TERESA BEATTY, NATASHA TOSADO**<br>**AND DOUGLAS JOHNSON** | **THE DEFENDANTS, MICHELLE**<br>**GILMAN AND ANGEL QUIROS** |

By: */s/ Erica O. Nolan*
    David A. Slossberg (ct13116)
    Erica O. Nolan (ct31097)
    HURWITZ SAGARIN SLOSSBERG & KNUFF LLC
    147 North Broad Street
    Milford, CT 06460
    (203) 877-8000
    DSlossberg@hssklaw.com
    ENolan@hssklaw.com

By: */s/ Robert Deichert*
    Robert Deichert (ct24956)
    Krislyn M. Launer (ct31041)
    Benjamin A. Abrams (ct29986)
    Assistant Attorneys General
    Office of the Attorney General
    165 Capitol Avenue
    Hartford, CT 06106
    Tel.: (860) 808-5210
    Fax: (860) 808-5385
    Roberrt.Deichert@ct.gov
    Krislyn.Launer@ct.gov
    Benjamin.Abrams@ct.gov

    and

By: */s/ Elana Bildner*
    Dan Barrett (ct29816)
    Elana Bildner (ct30379)
    ACLU Foundation of Connecticut
    765 Asylum Avenue
    Hartford, CT 06105
    (860) 471-8471
    e-filings@acluct.org

## **CERTIFICATE OF SERVICE**

This is to certify that on July 14, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

                                                    */s/ Erica O. Nolan*
                                                    Erica O. Nolan