## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERESA BEATTY, *et al.*, | : | 3:22-cv-00380-JAM |
|     *Plaintiffs*, | : | |
| | : | |
|     v. | : | |
| | : | |
| MICHELLE GILMAN, *et al.*, | : | |
|     *Defendants*. | : | SEPTEMBER 18, 2024 |

### Defendants' Memorandum in Support of their Motion to Dismiss Plaintiffs' Third Amended Complaint

Three individual Plaintiffs – Beatty, Tosado and Johnson – remain in this action which seeks to challenge Connecticut's statutes and regulations requiring inmates to pay a portion of their cost of incarceration. A recent amendment to the challenged statutes has rendered all of Plaintiffs' claims moot. Therefore, this Court should dismiss this action.

### Factual Background[1]

The Connecticut laws and regulations requiring incarcerated people to contribute toward the costs of their incarceration that Plaintiffs challenge have been in place since 1997. *Third Amended Complaint*, ¶ 1 (ECF No. 122) ("the Complaint"). "In May 2022… the Connecticut General Assembly passed… a bill that narrowed" the challenged laws' application, both by "narrow[ing] the groups of people from whom the state can collect prison debt," *id*. ¶ 116, and by "exempt[ing] up to $50,000 of a person's assets from a given collection attempt." *Id*. ¶ 118.

---

[1] Plaintiff's allegations and "facts" are drawn from the Third Amended Complaint (ECF No. 122). *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

The Complaint names three Plaintiffs: Teresa Beatty, Natasha Tosado, and Douglas Johnson. *Id.,* p. 1. Plaintiff Beatty was incarcerated "between 2000 and 2002 for three charges stemming from a sale of marijuana and cocaine." *Id.* ¶ 23. Plaintiffs also provide details of Ms. Beatty's criminal history "solely because she expects the defendants to rely upon them and object to their absence from the pleadings." *Id.*, ft note 1. Her mother's estate is being administered by the Stamford Probate Court. See *id.* ¶ 38. The Department of Administrative Services ("the DAS") filed a notice in the Probate Court before the challenged laws were amended asserting a claim for costs of incarceration in the amount of $83,762.26, see *id.* ¶ 47, that was calculated at a rate of "$123 a day… in fiscal year 2000, $122… in fiscal year 2001, and $99… in fiscal year 2002." *Id.* ¶ 50. A house was the only item remaining in the estate and the house was sold for $625,000 in early April 2023. See *id.* ¶¶ 42 & 44. "[T]he value of [Plaintiff Beatty's mother's] estate is estimated at $407,154. If no amount is deducted from this sum, Ms. Beatty will owe the state a maximum of $56,430.80." *Id.* ¶ 46. Plaintiffs do not allege any facts regarding when the Probate Court will complete its assessment and, by extension, when a distribution will occur. Plaintiffs also do not allege any facts regarding the estate's debts and assets, if any, other than the house and those regarding Plaintiff Beatty.

Plaintiff Tosado was incarcerated "between July 2016 and April 2018" for convictions for assault and a probation violation. *Id.* ¶ 55 & fn 4. Her son was shot and killed by a Bridgeport police employee and the administrator of her son's estate settled a suit in December 2022. See *id.* ¶¶ 65 & 70. Plaintiff Tosado's total prison

debt was calculated as $129,641 and the DAS notified the Probate Court that it "sought $44,028.98 to satisfy Ms. Tosado's lien." *Id.* ¶¶ 73 & 75. In calculating the amount, the DAS gave Plaintiff Tosado the benefit of the $50,000 exemption. See *id.* fn 7. The estate administrator is presently holding the $44,028.98 the state is owed under the challenged laws "in trust pending the resolution of her claim in this Court." *Id.* ¶ 77.

Plaintiff Johnson was incarcerated "from February 2002 to March 2004" for possession of narcotics and a violation of probation. *Id.* ¶¶ 85 & 86. Plaintiffs also provide details of Mr. Johnson's criminal history "solely because he expects the defendants to rely upon them and object to their absence from the pleadings." *Id.* fn 9. At the time of his conviction, Plaintiff Johnson faced seven years incarceration and/or a fine of $50,000. See *id.* ¶ 92. He was sentenced to thirty months incarceration and a period of probation. See *id.* ¶ 94.

Plaintiff Johnson's father passed away in August 2021. See *id.* ¶ 101. An estate was admitted for administration in the Branford-North Branford Probate Court and the DAS filed a lien notice for Plaintiff Johnson's cost of incarceration in the amount of $74,652.58. See *id.* ¶¶ 102 & 107. Plaintiff Johnson and his brother are the only heirs of their father's estate and they are to divide the estate equally, per their father's Will. See *id.* ¶ 103. The only assets of the estate are a bank account valued at less than $5,000, a boat, land in Guilford, and a truck. See *id.* ¶ 105. There are no creditors, claims against, or outstanding debts of the estate. See *id.* ¶ 104.

Based upon the allegations in the Complaint, Plaintiffs assert an official capacity only claim for violation of the Eighth Amendment's Excessive Fines Clause. *See id*. at p. 1. Plaintiffs ask this Court to: declare that Plaintiffs' "prison debt is invalid, null, void and unenforceable," *id*. at p. 31 ¶ (a); declare the entirety of the challenged statutes and regulations "unconstitutional and void," *id*. at p. 32 ¶ (b); enjoin Defendants and anyone working with them from enforcing the challenged laws, *id*. at p. 32 ¶¶ (c) & (d); and award Plaintiffs costs and fees. *Id*. at p. 32 ¶ (e).

## Procedural Background

Plaintiffs filed their Initial Complaint on March 14, 2022 (ECF No. 1). Plaintiffs amended their Complaint as a matter of course on March 25, 2022 (ECF No. 11). Initial Defendants timely moved to dismiss Plaintiffs' first Amended Complaint on several grounds (ECF No. 23). After hearing argument, this Court granted Initial Defendants' Motion to Dismiss, holding that "all three" Initial Plaintiffs "lack[ed] standing to pursue their claims against the Attorney General," that "the Eleventh Amendment foreclose[d] the claims of Beatty and Weissinger, and Llorens' claim [wa]s not ripe for resolution." *Beatty v. Tong*, 659 F. Supp. Ed 219, 236 (Dist. Conn. 2023). "In light of the plaintiffs' request for leave to file an amended complaint," this Court's "order granting the motion to dismiss [wa]s without prejudice to the filing of an amended complaint that may name additional plaintiffs and defendants as appropriate." *Id*.

On April 20, 2023, Plaintiffs filed a Second Amended Complaint (ECF No. 49). Defendants timely moved to dismiss Plaintiffs' Second Amended Complaint on

several grounds (ECF No. 59). After hearing argument, this Court granted in part and denied in part Defendants' second Motion to Dismiss, holding that "[i]n short, [Plaintiffs] fail to show that Connecticut's pay-to-stay law violates the Excessive Fines Clause of the Eighth Amendment." *Beatty*, 2024 U.S. Dist. LEXIS 33180, at *2. However, "to the extent that... plaintiffs [Beatty and Johnson] allege that the defendants seek to make them pay even more than what the pay-to-stay law itself allows, these two plaintiffs have plausibly alleged a violation of the Excessive Fines clause to this limited extent." *Id.*[2] Following a status conference, the Court granted permission for Plaintiffs to move for leave to file a third amended complaint (ECF No. 111). Plaintiffs filed their Motion to Amend the Operative Complaint (ECF No. 114), Defendants filed an objection (ECF 115) and Plaintiffs filed a Reply (ECF No. 118). Without holding oral argument, the Court granted Plaintiffs' Motion to Amend (ECF No. 119). Plaintiffs filed the Third Amended Complaint on July 9, 2024 (ECF No. 122) and this Court ordered Defendants to file a responsive pleading by August 19, 2024, by agreement of the parties (ECF No. 125). That deadline was extended to September 19, 2024 after this Court granted a consent Motion for Extension of Time (ECF No. 128).

---

[2] In their Third Amended Complaint, Plaintiffs withdrew the factual allegations the Court relied on in finding that Plaintiffs alleged Eighth Amendment claims based on overpayment.

## Argument

### I.      Standard of Review

Defendants bring this Motion pursuant to FRCP 12(b)(1). "Federal Rule of Civil Procedure 12(b)(1) allows defendants to bring a motion to dismiss a case for lack of subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Omar Islamic Ctr. Inc. v. City of Meriden*, 633 F. Supp. 3d 600, 610 (D. Conn. 2022) citing *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotations omitted). "Motions to dismiss for… mootness are properly brought under Rule 12(b)(1) because… the defendant is challenging the subject matter jurisdiction of the court." *Id.* citing *SM Kids, LLC v. Google, LLC*, 963 F.3d 206, 201 (2d. Cir. 2020).

As this Court recently recognized, "[t]he standard that governs a motion to dismiss under Rules 12(b)(1)… is well established." *Campbell v. City of Waterbury*, 585 F. Supp. 3d 194, 201 (D. Conn. 2022) (Meyer, J.). "A complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain subject-matter jurisdiction and a plaintiff's claims for relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) and *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016)).

## II.    <u>This Court Should Dismiss Plaintiffs' Claims as Moot</u>

"Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies; a case is moot if 'the parties lack a legally cognizable interest in the outcome' of the case… This occurs 'when interim relief or events have eradicated the effects of the defendant's act or omission and there is no reasonable expectation that the alleged violation will recur.'" *Adams v. Zarnel* (*In re Zarnel*), 619 F.3d 156, 162 (2d Cir. 2010) (internal citations omitted). "This limitation means that when a plaintiff brings suit in federal court, [they] must have standing to pursue the asserted claims. It also generally means that if the plaintiff loses standing at any time during the pendency of the proceedings in the district court or in the appellate courts, the matter becomes moot, and the court loses jurisdiction." *Altman v. Bedford Central Sch. District*, 245 F. 3d 49, 69 (2d Cir. 2001) citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

Connecticut Public Act 24-81 amended Conn. Gen. Stat. § 18-85a effective July 1, 2024. The relevant portion of the amendment added subsection (c) to Conn. Gen. Stat. § 18-85a, which reads "[a]ny state claim for the cost of incarceration for an inmate whose criminal record was erased pursuant to chapter 961a shall be terminated to the extent such cost was incurred during time served by such inmate for crimes included on the erased criminal record…" As a result of this law change,

Defendant Gilman withdrew the liens against each Plaintiff in the respective Probate Court matters.[3] Plaintiffs have received the relief which they sought through the Complaint. "[I]f in the course of litigation, a court finds that it can no longer provide a plaintiff with any effectual relief, the case is generally moot." *Uzuegbaunam v. Preczewski*, 592 U.S. 279, 282 (2021). This case should be dismissed under Fed. R. Civ. P. 12(b)(1) because there is no relief which this Court can provide and no reasonable belief that the alleged violation could reoccur.

### a. <u>Plaintiff Beatty's Claim is Moot</u>

Plaintiff Beatty was incarcerated by the State of Connecticut between 2000 and 2002. *Third Amended Complaint*, ¶ 23 (ECF No. 122). The cost of said incarceration was calculated to be $83,762.26. *Id.*, ¶ 47. In order to satisfy the debt and pursuant to statute, the DAS filed a lien against the inheritance of Plaintiff Beatty in the Estate of Minnie Mills in 2022. *Id.*; see also Conn. Gen. Stat. § 18-85b(b). Subsequent to the lien being placed but before the DAS could collect, Conn. Gen. Stat. § 18-85a, et seq was amended. Specifically, Public Act 24-81 (the relevant portion being codified as Conn. Gen. Stat. § 18-85a(c)) states that "[a]ny state claim for the cost of incarceration for an inmate whose criminal record was erased pursuant to chapter 961a shall be terminated to the extent such cost was incurred during time served by such inmate for crimes included on the erased criminal record." The DAS consequently withdrew its lien against Plaintiff Beatty's inheritance in the Probate

---

[3] See attached Exhibits A, C and D.

Court matter. See attached Exhibit A, *Withdrawal of DAS Lien in the Estate of Minnie Mills.*

That rendered Plaintiff Beatty's claim moot. "A case becomes moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Palmer v. Amazon.com, Inc.,* 51 F.4th 491, 503 (2d. Cir. 2022) (internal citations omitted). Consistent with that conclusion, Plaintiff Beatty filed a *Notice of Mootness* in this case on August 15, 2024 (ECF No. 126). Therefore, this Court should dismiss Plaintiff Beatty's claim in its entirety.

### b. Plaintiff Tosado's Claim is Moot

Plaintiff Tosado was incarcerated by the State of Connecticut between July 2016 and April 2018. *Third Amended Complaint*, ¶ 55 (ECF No. 122). The cost of said incarceration was calculated to be $129,641. *Id.*, ¶ 73. In order to satisfy the debt and pursuant to statute, the DAS filed a lien[4] against the inheritance of Plaintiff Tosado in the Estate of Jayson Negron. *Id.*, ¶ 72; *see also* Conn. Gen. Stat. § 18-85b(b). Subsequent to the lien being placed but before the DAS could collect, on June 11, 2024 Plaintiff Tosado received an absolute pardon of her criminal record. See attached Exhibit B, *Non-Inmate Absolute Pardon – Full Hearing Minutes for 6/11/2024.* Based on the pardon and the change in state law pursuant to Public Act 24-81, the DAS withdrew its lien against Plaintiff Tosado's inheritance in the Probate Court

---

[4] The amount collectable under the lien was less that the full amount of Plaintiff Tosado's calculated cost of incarceration. See ECF No. 122, ¶ 75.

matter. See attached Exhibit C, *Withdrawal of DAS Lien in the Estate of Jayson Negron*.

That rendered Plaintiff Tosado's claim moot. Consistent with that conclusion, Plaintiff Tosado filed a *Notice of Mootness* in this case on August 15, 2024 (ECF No. 126). Therefore, this Court should dismiss Plaintiff Tosado's claim in its entirety.

### c. **Plaintiff Johnson's Claim is Moot**

Plaintiff Johnson was incarcerated by the State of Connecticut between February of 2002 and March of 2004. *Third Amended Complaint*, ¶ 85 (ECF No. 122). The cost of said incarceration was calculated to be $74,652.58. *Id.*, ¶ 107. In order to satisfy the debt and pursuant to statute, the DAS filed a lien against the inheritance of Plaintiff Johnson in the Estate of Richard Johnson. *Id.*; *see also* Conn. Gen. Stat. § 18-85b(b). Subsequent to the lien being placed but before the DAS could collect, Conn. Gen. Stat. § 18-85a, et seq was amended. Based on the change in state law pursuant to Public Act 24-81, the DAS withdrew its lien against Plaintiff Johnson's inheritance in the Probate Court matter. See attached Exhibit D, *Withdrawal of DAS Lien in the Estate of Richard Johnson*.

That rendered Plaintiff Johnson's claim moot. The Third Amended Complaint and Prayer for Relief (ECF No. 122) are predicated on the lien filed in the Probate Court that no longer exists. Although Plaintiffs have not filed a *Notice of Mootness* with respect to Plaintiff Johnson, the undersigned presumes that is because the lien was only recently withdrawn. There is no reason apparent to Defendants why the reasoning in Plaintiffs' *Notice of Mootness* acknowledging that Plaintiff Beatty's claim

and Plaintiff Tosado's claim are moot would not apply with equal force to Plaintiff Johnson's claim. Therefore, this Court should dismiss Plaintiff Johnson's claim in its entirety.

**<u>Conclusion</u>**

Any claim(s) the Plaintiffs *may* have had at the time of filing the Complaint are now moot, depriving this Court of jurisdiction to proceed in this matter.[5] The Court should dismiss Plaintiffs' Third Amended Complaint in its entirety.

Respectfully submitted,
DEFENDANTS,
COMMISSIONER GILMAN
COMMISSIONER QUIROS,

WILLIAM TONG,
ATTORNEY GENERAL

BY: */s/ Krislyn Launer*
Krislyn Launer (ct31041)
Robert J. Deichert (ct24956)
Benjamin Abrams (ct29986)
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
krislyn.launer@ct.gov
robert.deichert@ct.gov
benjamin.abrams@ct.gov
*Attorneys for Defendants*

---

[5] To be clear, Defendants continue to believe this Court lacks jurisdiction and that Plaintiffs' claims would fail on their merits for all of the reasons set forth in Defendants' earlier briefing and argument.